**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **BENNIE J. FORD,** ) | **Case No. 1:05cr260** |
| ) | **1:10cv2628** |
| Petitioner, ) | **Judge Dan Aaron Polster** |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

Before the Court is Petitioner Bennie Ford's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. §2255, filed on November 17, 2010. Following conviction by a jury, on June 4, 2007, Petitioner was sentenced to ten years imprisonment for being a felon-in-possession of a firearm pursuant to 18 U.S.C. §922(g)(1). On June 5, 2007, Petitioner appealed his conviction to the Sixth Circuit Court of Appeals. Upon motion of the petitioner, the Court of Appeals dismissed the appeal on February 29, 2008.

Under 28 U.S.C. § 2255, a district court may grant relief to a prisoner in custody under a sentence imposed by a federal district court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, . . ." *Id*. To prevail on a § 2255 claim, the petitioner must show a fundamental defect in his conviction and / or sentencing " 'which necessarily results in a complete miscarriage of justice or an egregious error violative

of due process.' " *Nagi v. United States*, 90 F.3d 130, 133-34 (6th Cir. 1996) (quoting *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom it is assigned to promptly make a preliminary examination of the petition, records, and transcripts relating to the judgment under attack.

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

*Id*.

The Court has examined the § 2255 petition and reviewed the file of the underlying criminal case, and concludes that summary dismissal is appropriate pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the following reasons.

Pursuant to 28 U.S.C. §2255, Petitioner's motion must be filed within one year of his conviction becoming final or, in this case, within one year of the date the Court of Appeals granted his motion to voluntarily dismiss his appeal. Ford filed his §2255 motion more than two years after this date. Accordingly, Petitioner's Motion is **DENIED,** and this petition for relief under 28 U.S.C. §2255 (ECF #104) is hereby **DISMISSED.**

**IT IS SO ORDERED.**

          */s/ Dan A. Polster     November 19, 2010*
          **Dan Aaron Polster**
          **United States District Judge**